UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
KELVIN ROMERO ORELLANA,

                       Plaintiff,                       REPORT AND
                                                                        RECOMMENDATION
    -against-
                                                                        19-CV-3868 (DLI)

JOHN GRANDO, et al.,

                       Defendants.
----------------------------------------------------------------x

**ROANNE L. MANN, CHIEF UNITED STATES MAGISTRATE JUDGE:**

       This personal injury action, which was commenced in New York State Supreme Court, Queens County, was removed by defendants, citing admiralty jurisdiction as the basis for subject matter jurisdiction. See Notice of Removal ¶ 5, DE #1; see also Civil Cover Sheet, DE #1-1 (indicating, as the "Basis of Jurisdiction," "Federal Question," not "Diversity"); Summons DE #1-2 (reflecting that all parties are New York residents). On July 19, 2019, this Court directed defendants to show cause why the action should not be remanded to state court for lack of subject matter jurisdiction, and gave defendants until July 24, 2019 to respond. See Order to Show Cause (July 19, 2019) ("OTSC"), DE #5. Defendants timely responded, alleging that this case, involving a maritime tort, "should remain in federal court." Reply in Support (July 24, 2019) ("Def. Reply") at 2, DE #6. On August 1, 2019, plaintiff requested that the case be remanded to state court, agreeing with the premise of this Court's OTSC, and arguing that the parties are not diverse, that defendants had failed to demonstrate any other basis for jurisdiction, and that plaintiff's complaint "alleges only state law claims." See Reply in Opposition (Aug. 1, 2019) ("Pl. Reply"), DE #7.

       For the reasons that follow, this Court respectfully recommends that this action be remanded to New York State Supreme Court, Queens County, for lack of jurisdiction.

**DISCUSSION**

As an initial matter, the Court rejects defendants' argument that by failing to move for remand, plaintiff waived any objection to improper removal.  See Def. Reply at 1. "Notwithstanding Plaintiffs' failure to raise the issue, the Court has 'an independent obligation to examine [its] own jurisdiction.'"  Forde v. Hornblower New York, LLC, 243 F.Supp.3d 461, 464 (S.D.N.Y. 2017) (citing FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990)). "Subject matter jurisdiction cannot be waived" and, as a consequence, "if jurisdiction is lacking in [a] case, the Court must remand the case, notwithstanding Plaintiffs' failure to raise the argument."  Forde, 243 F.Supp.3d 461 at 464 (citation omitted).   Simply put, this Court has an independent obligation to ensure it has jurisdiction to hear the case, and can do so on a *sua sponte* basis.  See id.; Herrera v. Terner, No. 16-CV-4610 (DLI)(JO), 2016 WL 4536871, at *1 (E.D.N.Y. Aug. 30, 2016) ("*sua sponte* remand is proper at any time if the district court finds that it does not possess subject matter jurisdiction.").[1]

Defendants' jurisdictional argument is as flawed as their procedural one.   In the Second Circuit, federal courts have repeatedly remanded cases removed from state court as admiralty actions, absent some additional jurisdictional basis, such as diversity of citizenship.  See In re Nagler, 246 F.Supp.3d 648, 663-65 (E.D.N.Y. 2017); Gonzalez v. Red Hook Container Terminal LLC, 16-CV-5104 (NGG) (RER), 2016 WL 7322335, at *2 (E.D.N.Y. Dec. 15, 2016); Nassau Cty. Bridge Auth. v. Olsen, 130 F.Supp.3d 753, 760 (E.D.N.Y. 2015); Speranza v. Leonard, 925

---

[1] Consequently, defendants' attempt to distinguish the cases cited in the Court's OTSC as arising out of motions to remand (see Def. Reply at 1) is unavailing.  Moreover, in Forde, the court remanded a case that had been improperly removed on the basis of admiralty jurisdiction, even though the plaintiffs had failed to raise that issue.  See 243 F.Supp.3d at 464.   In any event, after the issuance of the OTSC, plaintiff herein requested that the matter be remanded to state court.  See Pl. Reply.

F.Supp.2d 266, 270 (D.Conn. 2013); <u>Perez v. Hornback Offshore Transp., LLC</u>, No. 10CV 1402(SJ)(MDG), 2011 WL 1636244, at *3 (E.D.N.Y. Apr. 28, 2011); <u>Port Auth. of N.Y. & N.J. v. Am. Stevedoring, Inc.</u>, No. 10-CV-99 (JG), 2010 WL 979733, at *1 (E.D.N.Y. Mar. 16, 2010) ("[A] defendant may not remove a maritime action seeking a state law remedy even if the plaintiff could have brought the action in federal court on the basis of admiralty jurisdiction."). This exception to the removal statute, 28 U.S.C. § 1441(a), derives from the text of 28 U.S.C. § 1333, the statute governing jurisdiction over admiralty and maritime cases; that provision grants district courts original jurisdiction over "[a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled*." 28 U.S.C. § 1333(1) (emphasis added). In construing this statutory language, "the Supreme Court has held that admiralty cases do not arise under federal law for purposes of federal question jurisdiction." <u>Forde</u>, 243 F.Supp.3d at 465; <u>see</u> <u>Romero v. Int'l Terminal Operating Co.</u>, 358 U.S. 354, 368, 371-72, 379-80 (1959). The seeming tension between the text of section 1333(1)'s saving-to-suitors clause and that of the removal statute, 28 U.S.C. § 1441, has been described as follows:

> [T]he 'saving to suitors' clause was intended to preserve the historic role of state courts in administering common law remedies in admiralty cases. Thus, if a court were to interpret § 1441 to permit removal of all admiralty cases, it would threaten the vitality of the 'saving to suitors' clause by taking common law admiralty cases that had been traditionally administered in state court and placing them in federal court.

<u>Nassau Cty. Bridge Auth.</u>, 130 F.Supp.3d at 760. To resolve this tension, courts in this Circuit have held that removal of such cases is improper "unless a separate basis of jurisdiction exists." <u>Forde</u>, 243 F.Supp.3d at 465; <u>see, e.g.</u>, *In re* Nagler, 246 F.Supp.3d 648, 664 ("To reconcile this conflict between the 'saving to suitors' clause and the removal statute, the [Supreme] Court held

3

that admiralty cases were only removable if the admiralty case had an independent basis for subject-matter jurisdiction, such as federal question or diversity of citizenship.").

In the instant case, defendants seek to justify removal as based on federal question jurisdiction, specifically, admiralty jurisdiction, and do not claim diversity between the parties. See Notice of Removal ¶ 5, DE #1; see also Civil Cover Sheet, DE #1-1. Citing the Second Circuit's decision in In re Petition of Germain, 824 F.3d 258, 263 (2d Cir. 2016), defendants maintain that because this case involves a "maritime tort," federal admiralty jurisdiction has been "trigger[ed,]" Def. Reply at 1. Defendants are mistaken. In Germain, the issue on appeal concerned the district court's jurisdiction over a petition for limitation of liability filed by a boat owner under the Limitation of Liability Act of 1851, 46 U.S.C. §§ 30501-12; the Second Circuit concluded that the district court had jurisdiction over the boat owner's petition, where the underlying incident involved injury to a passenger who jumped from a vessel on open navigable waters. See Germain, 824 F.3d at 274-75, 276. The Second Circuit did *not*, however, endorse the removability of the underlying state law negligence claims; to the contrary, the district court had remanded the plaintiff's negligence action back to state court for lack of subject matter jurisdiction, and the boat owner had withdrawn his notice of appeal in that case, recognizing that such an order of remand was not reviewable on appeal. See id. at 262-63.

Here, unlike Germain, plaintiff's complaint alleges only a state law claim for negligence, see Verified Complaint, DE #1-2, and diversity is lacking. The fact that defendants have raised the Limitation of Liability Act as an affirmative defense, see Answer (Sixth Affirmative Defense), DE #1-3, and recently filed a separate action in this District asserting a claim under that statute, see Grando v. Orellana, 19-cv-06757 (JMA)(GRB), does not cure the jurisdictional defect in the case at bar. Under the well-pleaded complaint rule, a claim arises under federal

law "only if a question of federal law appears on the face of the plaintiff's well-pleaded complaint." Gonzalez, 2016 WL 7322335, at *2 (citation and internal quotation marks omitted). This has the practical effect of "requiring a court to ignore any and all answers, defenses, and counterclaims." Id. As such, that defendants have invoked the Limitation of Liability Act has no bearing on the Court's jurisdictional analysis in the instant case. See id.; *In re* Nagler, 246 F.Supp.3d at 665 (remanding improperly removed maritime action where ship owner filed a related limitation-of-liability petition in federal court); see also Speranza, 925 F.Supp.2d at 270, 272 (court had no jurisdiction to hear petition for exoneration from or limitation of liability filed in a maritime action improperly removed from state court). Indeed, where, as here, the plaintiff in a maritime action has elected to file a common law claim in state court, it is not uncommon for a separate limitation-of-liability action to be brought in federal court by the owner of the vessel. See generally Germain, 824 F.3d at 263 (observing that "admiralty cases involving petitions for limitation of liability may proceed on dual tracks in state and federal court"); *In re* Complaint of Dammers & Vanderheide & Scheepvaart Maats Christina B.V., 836 F.2d 750, 752 (2d Cir. 1988); Abadi v. Garvey, No. 07 Civ. 9575(JFK), 2008 WL 2980030, at *1 (S.D.N.Y. Aug. 1, 2008).

Having considered the aforementioned firmly established legal principles, including the well-pleaded complaint rule, the Court concludes that defendants have failed to identify a cognizable basis for federal jurisdiction. As such, the case should be remanded to state court.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded to New York State Supreme Court, Queens County, for lack of jurisdiction.

Any objections to this Report and Recommendation must be filed with the Honorable

5

Margo K. Brodie on or before **December 26, 2019**. Failure to file objections in a timely manner may waive a right to appeal the District Court order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a)(1), 72(b)(2); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

      **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
            **December 10, 2019**

                                 /s/ *Roanne L. Mann*
                                 **ROANNE L. MANN**
                                 **CHIEF UNITED STATES MAGISTRATE JUDGE**